Gaetano P. DeLUCA, Plaintiff,
Appellant,

v.

TOWN OF HINGHAM, et al.,
Defendants, Appellees.

No. 05–1208.

United States Court of Appeals,
First Circuit.

Nov. 21, 2005.

Gaetano P. DeLuca on brief pro se.

Stacey G. Bloom, William P. Breen, Jr., James A. Toomey and Murphy, Hesse, Toomey & Lehane on brief for appellees.

Before SELYA, LYNCH, and LIPEZ, Circuit Judges.

PER CURIAM.

After carefully considering the briefs and record on appeal, we *affirm* the judgment below.[1]

In relevant part, the appellant argues that the elements of claim preclusion were not satisfied because a final judgment on the merits was not rendered in his earlier, state action. However, the dismissal of the state action as time-barred was a judgment on the merits. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995). *See also DaLuz v. Dep't of Corr.*, 434 Mass. 40, 45, 746 N.E.2d 501 (2001)(outlining elements of claim preclusion).

Irrespective of claim preclusion, he also argues that fairness required entertaining the merits of his claims. Although claim preclusion may perpetuate inequity in some particular cases, the doctrine's salutary purposes of promoting repose and judicial economy would be undermined by making ad hoc determinations of the equities in individual cases. *United States v. Cunan*, 156 F.3d 110, 119 (1st Cir.1998);

---

1. Accordingly, we deny the appellant's remaining, pending motions.

*Rose v. Town of Harwich,* 778 F.2d 77, 82 (1985).

*Affirmed. See* 1st Cir. R. 27(c).